DAN RAYFIELD
Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4794
Email: James.Aaron@doj.oregon.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRUCE EUGENE HIRES,<br><br>Petitioner,<br><br>v.<br><br>JAMES DIEGEL,<br><br>Respondent. | Case No. 6:26-cv-00949-AB<br><br>REDACTED RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner brings this federal habeas corpus proceeding under 28 U.S.C. § 2241, seeking his release from the Oregon State Hospital and dismissal with prejudice of the charges pending against him in Multnomah County Circuit Court. He raises a single claim for relief in his Amended Petition, alleging that the delay in bringing him to trial violates the Speedy Trial Clause of the Sixth Amendment. (ECF No. 8.) As explained below, however, the *Younger* abstention doctrine bars that claim, which fails on the merits in any event. This Court should therefore deny the Amended Petition and dismiss this proceeding.

## II. Procedural Background

On December 13, 2023, Portland police arrested petitioner after he was seen by multiple witnesses and videotaped inside a Plaid Pantry trying to stab a man with whom he had a history of arguments and threats. (Resp't Ex. 104.) The following day, he was charged by information in Multnomah County Circuit Court with first-degree burglary, attempted second-degree assault, unlawful use of a weapon, and menacing. (Resp't Ex. 105.) The court arraigned him, appointed counsel, set bail, and scheduled the next appearance eight days later. (Resp't Exs. 106, 107, 109.) On December 18, petitioner's criminal counsel filed, among other things, a speedy trial demand. (Resp't Ex. 110.)

The day before the next appearance, a grand jury indicted petitioner on the same charges, plus one count of attempted second-degree murder. (Resp't Ex. 113.) The court arraigned petitioner on that indictment on December 22, 2023, scheduled a preventative detention hearing, and scheduled the case for call[1] on February 2, 2024—50 days after petitioner's arraignment on the information. (Resp't Ex. 116.) In the meantime, the court denied preventative detention and set bail and conditions for petitioner's release. (Resp't Exs 118, 119.)

At call, counsel for petitioner requested a further proceeding date of March 12 to pick trial dates, stating, "they're currently investigating, working on a mitigation packet, starting negotiations." (Resp't Ex. 179 at 00:24–01:08.) The court accordingly scheduled a further proceeding date of March 12. (*See* Resp't Ex. 178 at 3.) At that hearing, counsel for petitioner stated, "We're asking for trial dates of August 9th for August 12th," but the State reported that it was unavailable that week, and the court set the case for call on August 16 for trial on August 19. (Resp't Ex 180 at 04:11–05:08.)

Ahead of that date, the defense moved for a setover, stating that the parties were engaging in negotiations and working to set a judicial settlement conference, that the parties had

---

[1] In Multnomah County, the court ordinarily schedules cases on the call docket to potentially be assigned to a judge for trial the following judicial day. Multnomah SLR 1.111(2); *see also* Multnomah SLR 7.055.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

made some progress, that the defense had outstanding mitigation investigation to complete, and that the prosecuting attorney might be unavailable on the then-current trial date. (Resp't Ex. 126.) The defense requested, and the court ordered, that the case be set for call on November 1 for trial on November 4, a little less than 11 months after arraignment. (*Id.*) On October 15, the defense again moved for a setover, this time stating, "Defense has new information that raises fitness concerns requiring an examination. The defense stipulates that these concerns toll any speedy trial calculations until the time that they are resolved." (Resp't Ex. 127.) The court granted the continuance and scheduled a status on aid and assist for December 16, 2024, as requested. (*Id.*)

The defense then obtained a fitness to proceed evaluation from a licensed psychologist. She interviewed petitioner on March 5, 2025, and provided a written report on April 11. (Resp't Ex. 134.) She opined based on her interview, court records, police reports, and community mental health records that [redacted]. (Resp't Ex. 134.)

Shortly thereafter, the court held a hearing, found that petitioner was unfit to proceed, and ordered a community mental health consultation to determine whether appropriate restoration services were available in the community. (Resp't Exs. 135, 136.) That consultation was completed and submitted to the court on May 2, 2025, recommending particular mental health and housing services. (Resp't Ex. 138.) The court adopted those recommendations three days later, ordered petitioner to engage in those services, and ordered the Oregon State Hospital (OSH) to evaluate whether he had regained fitness to proceed. (Resp't Exs. 139, 140.)

The court regularly held restoration status check hearings roughly once a month between May 19, 2025, and September 22, 2025. (Resp't Exs. 141–146.) An OSH evaluator issued a



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

report on September 28 stating [redacted]. (Resp't Ex. 147.) The court continued to hold regular status checks between October and December, but petitioner twice failed to appear. (Resp't Exs. 148, 149, 151–153. In November, community providers reported [redacted]. (Resp't Ex. 150.) The following month, they reported [redacted]. (Resp't Ex. 154.) At the end of the year, they stated [redacted]. (Resp't Ex. 155.)

Petitioner again failed to appear at the next restoration status check on January 26, 2026, and the court issued a bench warrant. (Resp't Exs. 156, 158.) He was booked on February 22, and the court thereafter increased his bail, again found him unfit to proceed, and ordered a community mental health consultation. (Resp't Exs. 159–161.) A report of that consultation was submitted on February 27 and recommended [redacted]. (Resp't Ex. 163.) On March 3, the court held a hearing on petitioner's fitness to proceed, found that the least restrictive option appropriate for treatment to gain fitness was commitment to OSH, and therefore committed him to OSH for no more than one year. (Resp't Ex. 164.)

Petitioner has remained confined to OSH since his transport there in March 2026. Progress updates from OSH have continued to opine [redacted]. (Resp't Exs. 171, 174.)



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

## III. ARGUMENT

Because petitioner is seeking to enjoin the prosecution pending against him in state court and has not identified the kind of extraordinary circumstance that would permit this Court to intervene in that proceeding, *Younger* abstention applies and prevents this Court from reaching his sole claim for relief. Even if this Court could reach the merits, the record demonstrates that no speedy trial violation has occurred. This Court should therefore deny the Amended Petition.

### A. *Younger* abstention bars petitioner's claim.

The U.S. Supreme Court has long recognized a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Applying those principles, the Ninth Circuit has repeatedly held that a district court is generally required to abstain from exercising jurisdiction over a habeas petition raising a claim under the Speedy Trial Clause as an affirmative defense to a state prosecution. *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980) ("[T]he Cardens' appropriate remedy is to proceed to trial and thereafter raise their speedy trial claim if they wish to do so."); *Brown v. Ahern*, 676 F.3d 899, 900–03 (9th Cir. 2012) (reasserting the rule from *Carden* "[l]est any doubt remain"); *Coleman v. Ahlin*, 542 F. App'x 549, 551 (9th Cir. 2013); *Talmadge v. Houser*, 2025 WL 2388883, at *1 (9th Cir. Aug. 14, 2025).

The only exceptions the courts have recognized to that general rule are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction" or "in other extraordinary circumstances where irreparable injury can be shown." *Brown*, 676 F.3d at 903 (quoting *Carden*, 626 F.2d at 84). A violation of a defendant's speedy trial right is not, in and of itself, an extraordinary circumstance. *Coleman*, 542 F. App'x at 551. Nor does a violation of the right to a speedy trial typically cause irreparable injury. *See, e.g.*, *Page v. King*, 932 F.3d 898, 904 (9th Cir. 2019) ("Like other rights designed to ensure a fair trial, the speedy trial right asserted as a defense can be vindicated through reversal of the improperly-obtained conviction.").



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Here, petitioner's sole claim asserts a speedy trial violation. (ECF No. 8 at 4–5.) The relief he requests is that he be released from custody and that the criminal charges against him be "dismissed with prejudice." (*Id.* at 5.) That is, he attempts to raise the Speedy Trial Clause as an affirmative defense to the state prosecution. *Younger* therefore bars his claim unless he demonstrates harassment, bad faith, or other extraordinary circumstances. He has not tried to identify such circumstances, and none are apparent from the record. On the contrary, the record demonstrates that the prosecution has acted in good faith, pursuing charges against petitioner that are based on ample evidence of assaultive conduct. (*See* Resp't Ex. 104.)

**B. The delays in taking petitioner's case to trial do not violate his rights under the Speedy Trial Clause.**

Even assuming this Court could reach the merits of petitioner's claim, it fails. The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. Amend. VI. To evaluate whether the prosecution has violated that right, courts apply "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The Supreme Court in *Barker* identified four factors that courts should weigh as part of that balancing analysis: (1) the length of delay; (2) the reason for the delay; (3) whether the defendant asserted their right to a speedy trial; and (4) prejudice to the defendant. *Id.*

The first factor, length of delay, is a "threshold issue." *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003). To cross that threshold, a defendant must show that the period between indictment and trial has amounted to a "presumptively prejudicial" delay. *Id.* There is no bright-line rule, but "courts generally have found that delays approaching one year are presumptively prejudicial." *Id.* at 1161–62.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

The second factor, the reason for the delay, is "the focal point of the inquiry." *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007). The Court has explained that "different weights should be assigned to different reasons":

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, 407 U.S. at 530–31.

The third factor is whether the defendant asserted their right to a speedy trial. A defendant's failure to assert their right "will make it difficult for [them] to prove that [they were] denied a speedy trial." *Id.* at 532. In *Barker*, for instance, the Court found that factor weighed against the defendant because, although he later moved to dismiss based on a speedy trial violation, he failed to object to multiple motions for continuances filed by the government. *Id.* at 534–35.

The remaining *Barker* factor is prejudice. Where a delay is "great and attributable to the government," prejudice is presumed and the defendant is not required to show actual prejudice. *Gregory*, 322 F.3d at 1162. However, where the delay is not attributable to the government, the defendant must show actual prejudice resulting from the delay. *Id.* At 1163. Actual prejudice is typically demonstrated in three ways: "oppressive pretrial incarceration," "anxiety and concern of the accused," and "the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Of those, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

The balance of those four factors in this case greatly weighs against petitioner. The delay thus far is approaching three years, which is long enough to pass the threshold inquiry. But, as explained in the background above, none of those delays is attributable to the State. From the initial call date 50 days after arraignment, the case was continued at the defense's request three



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

times for a total of 11 months. Then the defense moved to take the case off call to resolve apparent aid and assist issues, stating, "The defense stipulates that these concerns toll any speedy trial calculations until the time that they are resolved." (Resp't Ex. 127.)

Ever since then, the court has been supervising attempts to restore petitioner to competency. Initially, that restoration was taking place in the community, but petitioner failed to appear multiple times and was not engaging in treatment, leading the court to find that OSH was the least restrictive option available. The court has continued to monitor petitioner's progress, with regular reports from OSH and the community.

In short, "the delays were all either directly caused by [petitioner] or, as in the case of his competency proceeding, were deemed necessary in the interests of justice." *United States v. Sutcliffe*, 505 F.3d 944, 957 (9th Cir. 2007). The second factor therefore "overwhelmingly weighs against" petitioner. *Id.*

The third factor likewise weighs against petitioner. Apart from a *pro forma* speedy trial demand filed at the start of the case, petitioner has not asserted his speedy trial rights. Indeed, he affirmatively stipulated that the aid and assist issues identified by counsel and ultimately endorsed by the court "toll any speedy trial calculations." (Resp't Ex. 127.)

The final factor cannot overcome the others. Because neither the State nor the courts are responsible for any of the delay, petitioner "carries a heavy burden of demonstrating actual prejudice to succeed on a speedy trial claim." *United States v. Lam*, 251 F.3d 852, 859 (9th Cir. 2001). He has not identified any way in which his defense has been or will be impaired. His incarceration is due primarily to his failure to appear and engage with treatment in the community and is therefore not oppressive. And, although he undoubtedly has anxiety and concern caused by the delays, they cannot override the overwhelming weight of the other factors.



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

## IV. CONCLUSION

For those reasons, this Court should deny the Petition, dismiss this proceeding with prejudice, and decline to issue a certificate of appealability.

DATED November 9, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*s/ James M. Aaron*
JAMES M. AARON #132865
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4794
James.Aaron@doj.oregon.gov
Of Attorneys for Respondent



Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794